(97 App. Div. 65.)

BENEDICT v. KRESS et al.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. CHECKS—ACTION BY ASSIGNEE—ISSUES UNDER PLEADINGS.

     Defendants in an action on a check having admitted that plaintiff's assignor became the holder of the check for value by not denying the allegation of the complaint to that effect, but merely denying the assignment of the check to plaintiff, and not having suggested that plaintiff had any notice of the transactions out of which the check arose, or of defendants' dishonoring of the check, plaintiff is, by the provisions of Negotiable Instruments Law (Laws 1897, pp. 732, 733, c. 612) §§ 91, 96, 98, a holder in due course, free from defenses available between prior parties; so that the only issue is as to the assignment of plaintiff, notwithstanding allegations of the answer as to the transaction out of which the check originated, alleged as a separate and distinct defense and counterclaim, to the effect that plaintiff's assignor practiced fraud against defendants; this not being available against plaintiff because of the admissions of the answer.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Le Grand Benedict against August Kress and another. From a judgment for plaintiff and from an order denying a motion for new trial on the ground of newly discovered evidence, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Feltenstein & Rosenstein (Samuel Brand, of counsel), for appellants.
G. Murray Hulbert, for respondent.

WOODWARD, J.   The complaint in this action alleges the copartnership of August Kress & Co., the defendants, and on information and belief avers that on or about the 4th day of June, 1903, at Bayonne City, in the state of New Jersey, the defendants, under their said firm name, for value received, made their check in writing, dated on that day, and directed the same to the Bayonne Bank, and thereby required that said bank pay to one E. W. Johnson $114.96, and delivered it to said Johnson; that thereafter the said Johnson indorsed said check, and by an instrument in writing duly assigned the said check and all moneys due or to grow due thereunder to this plaintiff, and delivered said instrument of assignment and said check to this plaintiff, who is the holder and owner thereof; that the defendants stopped payment on the said check; that payment had been demanded and refused; and that there was still owing to the plaintiff the sum represented by the check.   The complaint demands judgment for the amount of the check, with interest, and costs.

The answer alleges that the defendants "have no knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph or section marked 'III.'"   This is the only denial contained in the answer, and relates wholly to the allegation of the complaint in reference to the assignment of the check to the plaintiff, so that the defendants have not denied that they made and delivered the check in suit for value to the plaintiff's assignor.   Under the provisions of section 522 of the Code of Civil Procedure, "each material allegation of the complaint, not controverted by the answer, * * * must, for the purposes of the action, be taken as true"; so that the fact is conclusively established that the check in suit came to the plaintiff's assignor for value.   This check is a negotiable instrument.   Section 20, Negotiable Instruments Law (Laws 1897, p. 722, c. 612).   Every such instrument is presumed to have been issued for value, while in the present case this is admitted.   Having come to plaintiff's assignor for value, and the latter having transferred the same to the plaintiff, the latter is a holder in due course.   Every holder is deemed prima facie to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course.   Section 98, p. 733, Id. In the case now before us, by the admissions of the pleadings, the plaintiff's assignor came into possession of this check for value.   The instrument was complete and regular upon its face.   She became the holder of it before it was overdue, and without notice that it had been previously dishonored.   She took it in good faith and for value, so far as appears from the pleadings, for no fraud is alleged, and at the time it was negotiated to her she had no notice of any infirmity in the instrument or defect in the title of the person negotiating it (section 91, p. 732, Id.), which constituted her a holder in due course.   Under the

admissions of the pleadings that plaintiff's assignor became the holder of the check for value, there is no doubt of her right to assign the instrument to the plaintiff, and, the latter having become the owner through one who was a holder in due course, and there being no suggestion that the plaintiff had any notice of any of the transactions out of which the instrument arose, or that he had any notice of the dishonoring of the check by the defendants, he is a holder in due course, and as such he takes the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves. Section 96, p. 732, Id. It is true, of course, that the defendants set up an alleged separate and distinct defense, and as a counterclaim the transaction out of which the check originated, and there are some allegations which might, if established, tend to show that fraud had been practiced upon the defendants by the plaintiff's assignor. But the defendants having admitted, by not denying, that the plaintiff's assignor became the holder of the check in question for value, they cannot now be permitted to show, as against the plaintiff, a state of facts inconsistent with that admission. The only issue left by the pleadings was whether the plaintiff had come into the ownership of this check by an assignment from E. W. Johnson. That fact was established by the introduction of the assignment in evidence, and the questions of evidence which the defendants urge upon this appeal relate, not to the issue raised by the pleadings, but to matters relating to the alleged counterclaim, and this, as we have pointed out, was not in issue as between the parties to this action, because of the failure of the defendants to deny the material fact that the check was given for value.

The motion for a new trial upon the exceptions and upon the ground of newly discovered evidence was properly denied, for the reasons which we have already suggested, and because the alleged newly discovered evidence has no relation to the only issue which was before the court.

The judgment and order appealed from should be affirmed, with costs. All concur.